# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

―――――――――――

N<u>o</u> 11-CV-5944 (JFB)(WDW)

―――――――――――

GILBERT ROMAN,

Plaintiff,

VERSUS

CENTRAL INTELLIGENCE AGENCY,

Defendant.

―――――――――――

**MEMORANDUM AND ORDER**
January 18, 2013

―――――――――――

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Gilbert Roman ("plaintiff" or "Roman") brought this action against the Central Intelligence Agency ("defendant" or "CIA") seeking that it produce records responsive to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006). Specifically, plaintiff's FOIA request to the CIA sought, among other things, all files and reports on (1) "the []Arch of the Covenant[]; and During operations in the Remote Viewers Program and/or Stargate Collection persons assigned to this program were ask to remote view the Arch of the Covenant"; (2) "Major David Morehouse experiences with the Arch of the Covenant"; (3) "Major David Morehouse experiences with angels or persons dressed in white"; and (4) "[o]ther military or non-military reports of angels and persons dressed in white."

Defendant now moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. Specifically, defendant argues that the Court lacks subject matter jurisdiction over this action because plaintiff has failed to exhaust the CIA's administrative remedies. Defendant also argues that, even if the Court does have subject matter jurisdiction, plaintiff failed to make a valid FOIA request and, therefore, defendant did not improperly withhold agency records.

For the reasons set forth below, the Court grants defendant's motion for summary judgment, and dismisses the complaint. Specifically, summary judgment is warranted because (1) the CIA properly responded to plaintiff's request regarding the Stargate Collection and informed plaintiff that he could purchase the files for a fee, and (2) the remainder of plaintiff's

requests did not reasonably describe the information sought such that an employee of the CIA could locate the responsive information with a reasonable amount of effort. In short, because plaintiff's requests did not comply with FOIA regulations, he has failed to exhaust his administrative remedies.

I. BACKGROUND

A. Facts

The Court has taken the facts described below from the parties' affidavits, exhibits, and defendant's Local Rule 56.1 Statement of Facts.[1] In ruling on a motion for summary judgment, the Court shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of N.Y.*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

Plaintiff filed a FOIA request with the CIA on August 30, 2011 requesting:

> 1. All files and/or reports on the (Arch of the Covenant); and During operations in the Remote Viewers Program and/or Stargate Collection persons assigned to this program were ask to remote view the Arch of the Covenant . . . a. Ancient Israeli Priest communicating with God;
>
> 2. Major David Morehouse experiences with the Arch of the Covenant;
>
> 3. Major David Morehouse experiences with angels or persons dressed in white;
>
> 4. Other military or non-military reports of angels and persons dressed in white.

(Def.'s 56.1 ¶ 1.)

The CIA responded to plaintiff's request on September 14, 2011, informing him that FOIA requires a submission to "reasonably describe" the information sought and that "[b]ecause of the breadth and lack of specificity of your request, and in the way in which records systems are configured, the Agency cannot conduct a reasonable search for information responsive to your request." (*Id.* ¶ 7.) Defendant did state that the records regarding remote viewing programs and Project Stargate had been released to the public pursuant to a Congressional mandate, and informed plaintiff that he could either access those files from the National Archives or purchase a set of fourteen CDs containing the information from the CIA. (*Id.* ¶ 8.) Regarding his request for files relating to a Major David Morehouse, the CIA requested that plaintiff provide more detailed information regarding Morehouse, such as his full name, date and place of birth, and because plaintiff's request concerned a third party, either a privacy waiver or evidence of that individual's death. (*Id.* ¶ 9.)

By letter dated September 25, 2011, plaintiff apparently sought to clarify his request, however, he primarily reiterated his August 30, 2011 request. (*Id.* ¶ 10.) Plaintiff did attach an article about Morehouse and stated: "I do not think you have more than one Major Morehouse in the Remote Viewers Program/Star Gate Collection." (*Id.*) The CIA issued a response on November 23, 2011, reiterating that it could not comply with plaintiff's request for the reasons stated in the September 14, 2011 letter. (*Id.* ¶ 11.) Defendant also stated that, although plaintiff had provided additional information on Morehouse, it still needed

---
[1] Plaintiff filed a conclusory "Statement of Undisputed Facts" that primarily reiterates his complaint. (ECF No. 29.)

2

additional information and either a privacy waiver or evidence of his death. (*Id.* ¶ 12.) Plaintiff did not appeal this determination. (*Id.* ¶ 14.)

## B. Procedural History

Plaintiff filed this action on December 2, 2011. On August 17, 2012, defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. Plaintiff filed his opposition on September 4, 2012. Plaintiff's Memorandum of Law in support of his opposition consists simply of the following statement: "History and Time will show all my truths to be self evident. Under the FOIA 5 [U.S.C. §] 552 an agency must make searches, period. Under the constitution I have the right of free speech, free press, due process of the law. Two people denying have records; one person refuses to make searches (CIA)." (Pl.'s Opp'n at 1.) Defendant replied on October 5, 2012.

The Court has fully considered the submissions of the parties.

## II. STANDARD OF REVIEW

The standard for summary judgment is well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . The nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "concrete particulars" showing that a trial is

3

needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal citation and quotation marks omitted). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal citation and quotation marks omitted).

Moreover, where the plaintiff is proceeding *pro se*, the Court must "construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s]." *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (alterations in original). Though a *pro se* litigant's pleadings are afforded wide latitude, a *pro se* party's "bald assertion," completely unsupported by evidence, is not sufficient to defeat a motion for summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Instead, to overcome a motion for summary judgment, the non-moving *pro se* party "must bring forward some affirmative indication that his version of relevant events is not fanciful." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997) (internal citation and quotation marks omitted); *see also Morris v. Ales Grp. USA, Inc.*, No. 04 Civ. 8239, 2007 WL 1893729, at *3 (S.D.N.Y. June 29, 2007) ("[T]o survive summary judgment, plaintiff's facts 'must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions.'" (quoting *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 n.14 (2d Cir. 1981))).

### III. DISCUSSION

#### A. Applicable Law

The central purpose of FOIA is to "ensure an informed citizenry . . . [which is] needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *accord U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989). Under the statute, "any member of the public is entitled to have access to any record maintained by a federal agency, unless that record is exempt from disclosure under one of the Act's nine exemptions." *A. Michael's Piano, Inc. v. FTC*, 18 F.3d 138, 143 (2d Cir. 1994); *accord Ortiz v. Dep't of Health and Human Servs.*, 70 F.3d 729, 732 (2d Cir. 1995). FOIA confers jurisdiction on district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld . . . ." 5 U.S.C. § 552(a)(4)(B); *see also U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). However, "jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records. Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Tax Analysts*, 492 U.S. at 142 (internal citation and quotation marks omitted).

A district court "may grant summary judgment in favor of an agency on the basis of agency affidavits if they contain *reasonable specificity* of detail rather than mere conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999)

4

(internal citation and quotation marks omitted).

An agency responding to a FOIA request need not "take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." *Garcia v. U.S. Dep't of Justice*, 181 F. Supp. 2d 356, 368 (S.D.N.Y. 2002) (internal citation and quotation marks omitted). A search is "reasonable and adequate even if 'it fails to produce all relevant material.'" *Id.* (quoting *Meeropol v. Meese*, 790 F.2d 942, 953 (D.C. Cir. 1986)). In addition, "an agency need not conduct a search that plainly is unduly burdensome." *Halpern v. FBI*, 181 F.3d 279, 288 (2d Cir. 1999).

When agency submissions are adequate on their face, a district court has the discretion to "'forgo discovery and award summary judgment on the basis of affidavits.'" *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)). "In order to avoid summary judgment and proceed to discovery once the defending agency has satisfied its burden, 'the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations.'" *Labella v. FBI*, No. 07-CV-2330, 2008 WL 2001901, at *6 (E.D.N.Y. May 8, 2008) (quoting *Carney*, 19 F.3d at 812), *aff'd* 332 F. App'x 715 (2d Cir. 2009); *see also Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 393 (D.C. Cir. 1987) ("[T]he mere allegation of bad faith does not undermine the sufficiency of agency submissions. There must be tangible evidence of bad faith; without it the court should not question the veracity of agency submissions." (citations omitted)). Because plaintiff is representing himself *pro se*, the Court has construed his papers liberally.

B. Application

1. Failure to Exhaust Administrative Claim under FOIA

Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies before filing this lawsuit. (*See* Def.'s Mem. at 6-10.) Specifically, defendant states that plaintiff has failed to exhaust his administrative remedies because he submitted improper broad and vague requests that failed to comply with the CIA's FOIA requirements, and because he did not appeal the CIA's determination. (*Id.*)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When a court reviews a motion to dismiss for lack of subject matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiff[ ]." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Although the Second Circuit has never explicitly decided this issue, it has expressed doubt that exhaustion in the FOIA context is jurisdictional. *See Robert v. Dep't of Justice*,

5

193 F. App'x 8, 9 (2d Cir. 2006) (summary order) ("We are not certain, however, that the district court was correct to characterize [the failure to exhaust remedies] as a jurisdictional issue."). This Court agrees with the numerous district courts in this Circuit that have concluded that a failure to exhaust an administrative claim under FOIA does not deprive the district court of subject matter jurisdiction, but rather is a prudential doctrine that should be addressed either on a Rule 12(b)(6) motion dismiss or a motion for summary judgment. *See, e.g., Dennis v. CIA*, Nos. 12-CV-4207, 12-CV-4208, 12-CV-5334, 2012 WL 5493377, at *3 (E.D.N.Y. Nov. 13, 2012) ("Although failure to exhaust a FOIA claim does not deprive a court of subject matter jurisdiction over the claim, it does provide a jurisprudential reason for dismissal." (internal citations and quotation marks omitted) (collecting cases)); *Schwarz v. Dep't of Justice*, No. 10 Civ. 562, 2010 WL 2836322, at *2 (E.D.N.Y. July 14, 2010) ("Following *Robert v. DOJ*, several district courts have declined to rely on jurisdictional grounds and dismissed claims on the merits where plaintiff failed to exhaust administrative remedies." (collecting cases)), *aff'd* 417 F. App'x 102 (2d Cir. 2011); *Manfredonia v. SEC*, No. 08-CV-1678, 2009 WL 4505510, at *5 (E.D.N.Y. Dec. 3, 2009) ("[T]his Court declines to hold that Plaintiff's failure to exhaust administrative remedies on his FOIA claims deprived the Court of subject matter jurisdiction."). *But see Torres v. Dep't of Homeland Security*, No. 09-Civ.-8640, 2010 WL 4608431, at *4 (S.D.N.Y. Nov. 2, 2010) (Report and Recommendation) ("FOIA's statutory language and a significant number of cases in this circuit support the conclusion that exhaustion of administrative remedies is a jurisdictional prerequisite to suit in federal court." (collecting cases)), *aff'd* 441 F. App'x 812 (2d Cir. 2011).

Thus, because the Court is considering documents outside the pleading in connection with the failure to exhaust issue, the Court will consider the motion as one for summary judgment. As noted *supra*, the government moved for summary judgment in the alternative, and plaintiff is on notice as to such motion.[2] As set forth below, the Court concludes, under the summary judgment standard, that dismissal is warranted because plaintiff failed to comply with FOIA's regulations in connection with his request, and thus his FOIA request was inadequate to exhaust plaintiff's administrative remedies.[3]

2. Compliance with CIA's FOIA Regulations

Defendant argues that plaintiff failed to submit a proper FOIA request. (Def.'s Mem. at 9-13.) As set forth below, the Court agrees and concludes that summary judgment is warranted for failure to exhaust.

Defendant submitted a declaration from Michele L. Meeks, the Information and Privacy Coordinator of the CIA. The Meeks Declaration details the CIA's FOIA policies, regulations, and records systems. (Declaration of Michele L. Meeks ("Meeks Decl.") ¶¶ 6-12, June 25, 2012.) The CIA has promulgated regulations stating that a FOIA request "need only reasonably

---

[2] The Court notes that the government, with its motion papers, provided plaintiff with the requisite Rule 56.2 Notice to Pro Se Litigant Who Opposes Summary Judgment.

[3] Although the government also contends that plaintiff failed to exhaust his administrative remedies because he did not appeal the adverse determination, the Court need not address this issue because it concludes (as discussed *infra*) that his initial request was not made in compliance with FOIA and, thus, plaintiff did not exhaust the administrative remedies available to him.

describe the records of interest." 32 C.F.R. § 1900.12. "This means that documents must be described sufficiently to enable a professional employee familiar with the subject to locate the documents with a reasonable effort. . . . Extremely broad or vague requests or requests requiring research do not satisfy this requirement." *Id.*

For a FOIA request to be proper, the request must "(i) reasonably describe[] such records and (ii) [be] made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed . . . ." 5 U.S.C. § 552(3)(A). As to the first requirement, a record is "reasonably described if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort." *Freedom Watch, Inc. v. CIA*, CV No. 12-0721, 2012 WL 4753281, at *6 (D.D.C. Oct. 5, 2012) (internal citations and quotation marks omitted). "An agency need not honor a [FOIA] request that requires an unreasonably burdensome search. The rationale for this rule is that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors." *Id.* (internal citations and quotation marks omitted). As noted *supra*, if the plaintiff fails to comply with the agency's regulations for making a proper FOIA request, the plaintiff is considered to have failed to exhaust her administrative remedies, and the complaint must be dismissed. *See Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 114 (D.D.C. 2011) (granting summary judgment to defendant when plaintiff failed to comply with agency's FOIA regulations because "[f]ailure to comply with an agency's FOIA regulations for filing a proper FOIA request is the equivalent of a failure to exhaust" (internal citation and quotation marks omitted)); *see also McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010) (stating that a plaintiff cannot sue an agency in federal court when she has failed to comply with the agency's FOIA regulations).

The Court agrees with the CIA that plaintiff's request does not comply with FOIA or the CIA's regulations. Plaintiff's requests for "all files and/or reports" on "Arch of the Covenant," and "military or non-military reports of angels and persons dressed in white" are not specific enough for an employee of the agency to find all files regarding this information with a "reasonable amount of effort." *See Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002) (dismissing complaint where FOIA requester's "all-encompassing fishing expedition" failed to comply with agency regulations requiring the request to "reasonably describe the information requested"). Because plaintiff failed to comply with the CIA's FOIA regulations, plaintiff is considered to have failed to exhaust his administrative remedies, and summary judgment must be granted in defendant's favor. *See Vest*, 793 F. Supp. 2d at 114; *see also Manfredonia*, 2009 WL 4505510, at *6 (dismissing plaintiff's complaint for failure to exhaust administrative remedies).

As to plaintiff's requests regarding Major David Morehouse, plaintiff did not provide the agency with Morehouse's date and place of birth so that the CIA could distinguish Morehouse from other individuals, nor did plaintiff provide the agency with a privacy waiver or evidence of Morehouse's death so that even if the CIA could find the information, the agency could release it to plaintiff. Because plaintiff failed to provide sufficient information regarding Morehouse, or comply with agency procedures regarding a privacy waiver or

7

evidence of his death, plaintiff's request was improper. *See Vest*, 793 F. Supp. 2d at 117 (awarding summary judgment to the CIA when plaintiff failed to provide additional identifying information on a third-party individual as required by CIA regulations); *Godaire v. Napolitano*, No. 10-CV-1266, 2010 WL 6634572, at *7 (D. Conn. Nov. 18, 2010) (dismissing plaintiff's claim when plaintiff failed to comply with the Department of Homeland Security's regulations requiring authorization from a third party that the records could be released or proof of that third party's death).

Plaintiff also has not submitted any "tangible evidence" of bad faith such that the Court should doubt defendant's representation that plaintiff's request was too broad for the agency to conduct a reasonable search. *Carter*, 830 F.2d at 393.

In sum, because plaintiff has submitted an "extremely broad" and "vague" request that failed to comply with the CIA's FOIA guidelines requiring requests to be "described sufficiently" so that an agency employee "may locate the documents with reasonable effort," 32 C.F.R. § 1900.12, plaintiff has failed to exhaust his administrative remedies and summary judgment must be granted to defendant. *Vest*, 793 F. Supp. 2d at 114-15.[4]

---

[4] Because plaintiff's opposition is a conclusory submission, it is unclear exactly what he is challenging. However, to the extent he is challenging the CIA's response to his request for information regarding the Stargate Collection, the CIA offered to supply those documents to him for a copy fee. In particular, plaintiff requested "[a]ll files and/or reports on the (Arch of the Covenant); and During operations in the Remote Viewers Program and/or Stargate Collection persons assigned to this program were ask to remote view the Arch of the Covenant." (Meeks Decl. Ex. A.) Defendant advised plaintiff that all files regarding those programs were available to the public, and instructed him on how he could obtain or search those files. (*Id.* Ex. B.) Although an agency may not deny "an otherwise valid request [by] direct[ing] the requester to a place outside of the agency where the document may be publicly available," *Tax Analysts*, 492 U.S. at 150, the CIA also offered plaintiff the ability to purchase a fourteen CD set containing the complete records, (Def.'s 56.1 ¶ 10.) During the pendency of this litigation, plaintiff filed with this Court a letter from the National Archives stating that it had searched the CIA Records Search Tool (the database that defendant had advised plaintiff contained the public documents regarding the Stargate Program), and that a search for his terms "'Ark of the Covenant', 'priest', and 'Morehouse' did not return any results . . . ." (ECF No. 9.) To the extent plaintiff is still asserting that defendant improperly failed to search its documents, the Court finds this claim to be without merit because plaintiff's request did not comply with agency regulations for obtaining the set of CDs.

## IV. CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of the defendant, and dismisses plaintiff's complaint without prejudice to renewal after plaintiff exhausts his administrative remedies with defendant by complying with the applicable FOIA regulations. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED

_____

JOSEPH F. BIANCO
United States District Judge

Dated: January 18, 2013
Central Islip, NY

Plaintiff is representing himself *pro se*, 115 Laurel Street, Ridgefield Park, NJ 07660. The attorney for defendant is Robert B. Kambic, United States Attorneys' Office,

610 Federal Plaza, Central Islip, New York, 11722.